UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORNELIUS LEMONT HINES,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-672-DRL-JEM

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Cornelius LeMont Hines, a prisoner without a lawyer, filed an amended complaint against three defendants. ECF 27. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hines's amended complaint alleges essentially the same facts as his previous complaint. *See* ECF 1. From March 6, 2022 to June 6, 2022, Mr. Hines was housed in D-Cell House, a restricted housing unit, at Indiana State Prison. ECF 27 at 5. He suffers from severe epilepsy and has heat stress seizures. *Id*. At the time he filed his original complaint, he states there was a heat wave, which caused him to sweat profusely, pass out, and have difficulty sleeping. *Id*. Because of his epilepsy and susceptibility to illnesses caused by

excessive heat, Mr. Hines asked Major Douglas Wardlow if he could have a second fan in his cell. *Id*. at 5-7. Mr. Hines alleges that Major Wardlow knew about his epilepsy because he had written to him and given him his medical papers and medical incident shift reports. *Id*. at 7. He asserts that, at one point, he was found unconscious in his bed in his cell, barely breathing, and there was blood on the wall and his bed. *Id*. Mr. Hines asserts he was taken to the emergency room and later admitted into the hospital. *Id*.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Hines alleges that Major Wardlow was deliberately indifferent to his serious medical condition because he knew he had epilepsy and a history of heat stress seizures, but refused to give him a second fan. ECF 27 at 5-7. Through Mr. Hines asserts he told Lt. Lott that "medical said that [he] need[ed] a second fan," he does not allege he told Major

2

Wardlow that the medical staff indicated he needed a second fan or that Major Wardlow was aware he needed one. *Id*. at 6. Mr. Hines also does not allege that a medical order had been issued for a second fan. Thus, it isn't plausible to infer from the allegations of the amended complaint that Major Wardlow was deliberately indifferent to Mr. Hines's medical condition. Mr. Hines has not stated a claim against Major Wardlow.

Mr. Hines next asserts that he wrote to Unit Team Manager Pamela Bane about being released from his restricted housing unit. ECF 27 at 2. He explained he suffered from severe epilepsy and needed a second fan for his cell because he was susceptible to heat stress seizures. *Id*. Mr. Hines asserts that UTM Bane knew he had been hospitalized for his seizures and could have moved him to a medical dorm or general population when his segregation time ended in June 2022, but she would not move him. *Id*. at 2-3. These facts do not permit a plausible inference that UTM Bane was deliberately indifferent to Mr. Hines's medical needs. Thus, he has not stated a claim against her.

As a final matter, Mr. Hines has sued Warden Ron Neal. However, other than listing him as a defendant in the caption of this case, he never mentions him in the body of his complaint.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here. Mr. Hines has already been

3

granted one opportunity to amend his complaint, and has not addressed the deficiencies pointed out by the court.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

April 11, 2024                             *s/ Damon R. Leichty*
                                           Judge, United States District Court

4